UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANATOLE A. GEICHE,

        Plaintiff (s),
v.

CITY AND COUNTY OF SAN FRANCISCO,

        Defendant(s).

No. **C 08-03233 JL**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable James Larson. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/3/2008 | Complaint filed | |
| 9/17/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 10/1/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file | FRCivP 26(a) (1) Civil _L.R . 16-9 |

|  |  |  |
|---|---|---|
|  | Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) |  |
| 10/8/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm F,15th Floor,SF at 10:30 AM | Civil_L.R. 16-10 |

Magistrate Judge James Larson
San Francisco
Courtroom F, 15th Floor

(415) 522-2112

James Larson, Magistrate Judge

Wings Hom, Courtroom Deputy (415) 522-2046

Venice Thomas, Secretary (415) 522-2112

Kathleen Campbell, Career Law Clerk

NOTICES

1. Civil Law & Motion is heard on Wednesdays at 9:30 a.m. Counsel need not reserve a hearing date for civil matters, but should confirm the judge's availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov.

2. Criminal motions are scheduled with the courtroom deputy for any Thursday morning at 9:30 a.m. when the judge is available. Motions are governed by the Federal Rules and the Civil and Criminal Local Rules.

3. Status and Case Management Conferences are heard on Wednesdays at 10:30 a.m.

4. Pretrial Conferences are heard Wednesdays at 11:00 a.m.

5. The Magistrate Judge's Settlement Conference Order is also available on the Court web site or from the Clerk's Office.

6. Parties with questions regarding scheduling of settlement conferences should contact Judge Larson's secretary, Venice Thomas, at (415) 522-2112. All other scheduling questions should be addressed to Judge Larson's courtroom deputy, Wings Hom, at (415) 522-2046.

7. Discovery disputes in cases referred by the district court are handled in one of three ways:

    a. Motions noticed for a hearing before the district court and then referred to this court will be re-scheduled on Magistrate Judge Larson's Law and Motion calendar. Parties will be notified in writing.

    b. In disputes which arise after the case has been referred, but before a motion has been filed before the district judge, the parties shall follow the following procedure:

    Parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

    If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement without affidavits or exhibits, stating the nature and status of their dispute. If a joint statement is not possible, each side may submit a brief individual statement. The Court will advise the parties regarding the need, if any, for formal briefing or a hearing.

    Law and motion matters, including discovery motions, shall be filed in accordance with Civil Local Rule 7-2. Pursuant to Civil Local Rule 5-2(a), any papers filed in connection with any motion referred to Magistrate Judge Larson by a district judge must be filed in the Clerk's Office at the division where the chambers of the district judge is located, whether Oakland, San Francisco or San Jose. Pursuant to Civil Local Rule 5-2(b), the courtesy copies of papers filed in connection with any motion assigned to Magistrate Judge Larson, including those in cases where the assigned district judge sits in Oakland, or San Jose, must be delivered to the Clerk's Office or to Magistrate Judge Larson's chambers, at 450 Golden Gate Avenue, San Francisco.

    Any party seeking an award of attorney fees or other expenses as sanctions in connection with a discovery dispute shall file a separate motion as required by Civil Local Rule 37-1(e).

    c. Telephone conferences in discovery disputes are not encouraged but will be arranged at the court's discretion and are usually reserved for questions arising in the course of a deposition or other emergency.

    d. In cases referred to Magistrate Judge Larson for discovery, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order, as provided by Civil Local Rule 79-5.

8. In all "E-Filing" cases when filing papers in connection with any motion for determination by the judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

9. Any proposed order in a case subject to electronic filing shall be sent by e-mail to: jlpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the court.

10. Motions for summary judgment in cases assigned to Magistrate Judge Larson for trial shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts wherever possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts which the party contends are undisputed.

N:\DOCS\INTAKE\JLstandingord-2004.wpd

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.