|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ANATOLE A. GEICHE, | No. C 08-3233  JL |
| Plaintiff, | |
| v. | **ORDER Granting in part Motion to Dismiss (Docket # 12); Granting Motion to Quash and Strike Proofs of Service of Summons and Complaint (Docket # 33); Denying Motion to set aside Rejection of Request for Entry of Default (Docket # 43)** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

**I.    Introduction**

This Court has original jurisdiction in this case pursuant to 42 U.S.C. §1983 and supplemental jurisdiction over Plaintiff's claims under California law, pursuant to 28 U.S.C. §1367. All parties consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c)

Defendants' motion to dismiss Plaintiff's complaint tor failure to state a claim for which relief may be granted, under Rule 12(b)(6), Federal Rules of Civil Procedure, and Defendants' motion to quash and strike proofs of service and Plaintiff's motion for entry of default came on for hearing. Plaintiff Anatole Geiche appeared *pro se.* Appearing for Defendants and specially-appearing Defendants was Andrew Gschwind, Deputy City Attorney. Plaintiff had requested additional time to respond to Defendants' motion, which the Court granted, continuing the hearing from January 14 to February 25, and then to March 4. Plaintiff misunderstood the rules regarding time to file an amended complaint, and assumed he could amend his complaint at any time if Defendants filed a motion to dismiss,

rather than an Answer. Plaintiff did not file an Opposition to the motion to dismiss, but instead argued that Defendants' motion was mooted by his having filed an amended complaint. At the hearing, Plaintiff requested more time to respond to Defendants' motions, which the Court also granted, giving Plaintiff one more week, in addition to the time he had already received.

The Court carefully considered the parties' pleadings on file, the record in the case, and the parties' arguments at the hearing, and hereby grants in part the motion to dismiss. The Court grants without leave to amend the motion to dismiss the First Cause of Action for use of excessive force against the individual officers pursuant to 42 U.S.C. §1983 for failure to serve the summons and complaint within the statute of limitations, and grants with leave to amend the motion to dismiss the Second Cause of Action for municipal liability under 42 U.S.C. §1983 and *Monell* against the City. Plaintiff shall in his amended complaint state the particular practice or policy of the City which he alleges caused his specific injury. The Court dismisses without leave to amend the section 1983 claim against Inspector Steger, on the basis that he is immune from this claim, and the state law claims for abuse of process against all Defendants, on the basis that the two-year statute of limitations ran before Plaintiff filed his complaint alleging these claims. The Court dismisses without leave to amend the claim against the City for malicious prosecution, because it is time-barred.

Specially-appearing Defendants' motion to quash service of summons and strike alleged proofs of service (Docket # 33) is granted, and all claims are dismissed against them, as specified above.

Plaintiff's motion to set aside Clerk's rejection of request for entry of default (Docket # 43) is hereby denied.

II.     **Factual and Procedural Background**

Plaintiff's complaint alleges that on July 5, 2003, "four obviously narcotic intoxicated" San Francisco Police Department officers falsely arrested him, putting a "gun in his face," and physically abusing him. Complaint at ¶¶ 14 – 15 & ¶¶ 20 - 36. Plaintiff's complaint alleges that the officers did this to him because he was "[r]esponding to a moral call" by

coming to the aid of another motorist who had been pulled over by the officers. Complaint at ¶ 22 & 26.

Plaintiff alleges that on the morning of July 7, 2003, named but unserved defendant Inspector Becker allegedly interviewed the motorist who witnessed Mr. Geiche's arrest, but deliberately avoided asking him certain questions. When Inspector Becker received information favorable to Plaintiff, he then "discontinued the interview, botching it down." Complaint at ¶¶ 67-68. Becker allegedly decided to "proceed with [the] false prosecution" of Plaintiff on "fabricated charges." *Id.* at 67. Then, on either July 7 or 10, 2003, a "sham" criminal complaint, or information, was filed against Plaintiff. Cf. Complaint at ¶¶ 16 & 69 - 73. Inspector Steger apparently signed this complaint. See Complaint at ¶ 69. As a ministerial matter, state law apparently requires a police officer, rather than a district attorney, to sign criminal charging documents. Officer Steger has no recollection of either Plaintiff or this incident. The resulting criminal action was dismissed on July 10, 2006 "in the interest of justice." *Id.* at ¶ 78.2

At this point the statute of limitations began to run for Plaintiff's claims under 42 U.S.C. §1983.

Plaintiff filed the present action on July 3, 2008. All served parties consented to this Court's jurisdiction pursuant to 28 U.S.C. §636 (c).

Plaintiff's First Cause of Action is against the individual Defendants, for use of excessive force.

Plaintiff's Second Cause of Action is "against the municipality," presumably the City, and presumably for excessive force or failure to hire, train and supervise, under 42 U.S.C. §1983 and *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658 (1978).

Plaintiff's Third Cause of Action is against the City and the individual Defendants under California law for assault and battery.

Plaintiff's Fourth Cause of Action is against all Defendants under California law and section 1983 for malicious prosecution.

Plaintiff's incorrectly numbered Fourth (presumably Fifth) Cause of Action is against all Defendants under California law for abuse of process.

All named Defendants deny Plaintiff's allegations in their entirety. They contend that Plaintiff was arrested because he interfered with a lawful arrest and no unlawful force was used on Plaintiff at any time.

### III.     These Motions: Analysis

#### A.     Legal Issues

##### 1.     Are all or most of Plaintiff's Section 1983 claims time-barred under Cal. Code of Civ. Proc. § 335.1?

In determining the statute of limitations applicable to a Section 1983 claim, federal courts must look to the governing state law of the forum state. E.g., *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). The particular period which is to be used is the one which applies to "tort actions for the recovery of damages for personal injuries." *Id.* at 276. In order to avoid any ambiguity, in the event that a state has multiple statutes of limitation applicable to different torts, courts "should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). As federal courts have recognized, in California the general residual statute of limitations applicable to Section 1983 actions is the two year statute of limitations for personal injury claims contained in Cal. Code of Civ. Proc. § 335.1. See, e.g., *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004); *Moreno v. Thomas*, 490 F.Supp.2d 1055, 1060 (C.D.Cal. 2007); *Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1024 (E.D.Cal. 2004).

State law also governs the application of tolling doctrines. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). "In California, the statute of limitations for Section 1983 actions is tolled by Cal.Gov't Code § 945.3 while criminal charges are pending." *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995).

Section 945.3 reads:

No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged,

including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal, or superior court.

Any statute of limitations applicable to filing and prosecuting these claims is therefore tolled during the period that the criminal charges against the Plaintiff are pending before a justice, municipal, or superior court. Cal.Gov't Code § 945.3. Under this section, "criminal charges are 'pending' until the date of judgment." *McAlpine v. Superior Court*, 209 Cal.App.3d 1, 3, 257 Cal.Rptr. 32 (1989), cited with approval in *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir.1997). Presumably, charges are only pending after they are filed and before the judgment. Plaintiff, according to his Complaint at ¶14, ¶16 and ¶68, was arrested on July 5, 2003, and charged on July 10, 2003. Presumably the statute continued to run during the five days between his arrest and his being formally charged. The charges against him were dismissed on July 3 or 10, 2006, and he filed his complaint in this Court on July 3, 2008. Even assuming that the statute was running between his arrest and his being charged, he still filed within the two-year time limit.

Because Plaintiff in this case filed his complaint within two years of the disposition of his criminal case, even accounting for the five days between his arrest and the formal charges against him, his complaint in this Court for the causes of action brought against the City under 42 U.S.C. §1983, and the state law causes of action, with the exception of malicious prosecution and the claims against the individual Defendants, as discussed below, are not barred by the statute of limitations.

### 2. Malicious Prosecution

Under California law a necessary element of a cause of action for malicious prosecution is that the underlying proceeding have been terminated favorably to the plaintiff. The requirement of favorable termination confirms the plaintiff's innocence, serves to forestall unfounded claims and prevent inconsistent judgments, and facilitates proof of other elements of the tort. (*Babb v. Superior Court*, 3 Cal.3d 841, 845-847 (1971). The cause of action does not accrue until such favorable termination has occurred. ( *Id.* at p.

846, 92 Cal.Rptr. 179, 479 P.2d 379.) The termination must reflect on the malicious prosecution plaintiff's innocence of the misconduct charged, as opposed to occurring merely for technical or procedural reasons. (*Id.* at ¶. 750-751. The statute of limitations for a malicious prosecution action is one year, unlike the two years for the other clams. (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.,* 202 Cal.App.3d 330, 334 (1988). As a rule, it accrues when judgment is entered in the trial court. *Id.* at ¶. 334-335. The criminal charges against Plaintiff were dismissed on July 3 or 10, 2006, and he filed his complaint in this Court on July 3, 2008, two years later. Therefore Plaintiff's claim for malicious prosecution is barred by the statute of limitations. This claim is dismissed with prejudice.

### 3. Abuse of Process

With respect to Plaintiff's abuse of process claim, the two year statute of limitations begins to run "when the abuse of process occurs and injury is sustained" and not after the conclusion of the lawsuit. Here the alleged abuse was the alleged wrongful initiation of Plaintiff's criminal prosecution. Complaint at ¶ 87-93. *Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 887 (1992). This occurred on July 5, 2003, more than two years before Plaintiff filed his complaint in this case on July 3, 2008. Thus, this cause of action is definitely time-barred, and is dismissed with prejudice.

### 4. Is Defendant Steger immune from suit on a Section 1983 claim premised on malicious prosecution?

In general, federal law, rather than state law, controls in determining whether a defendant is immune from suit pursuant to Section 1983. Under federal law, a defendant is entitled to absolute immunity from a Section 1983 claim if he or she is acting in a prosecutorial or quasi-judicial capacity or function, regardless of actual job title. To qualify for absolute immunity, an act must be "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina*, 522 U.S. 118, 125 (1997) (quoting *Imbler*); see also *Milstein v. Cooley*, 257 F.3d 1004, 1009 (9th Cir.2001) (prosecutorial immunity protects "actions [that] are closely associated with the judicial process"); *Gensburg v. Miller,* 31 Cal.App.4th 512, 519 (1994)(officers that participate in

instituting criminal proceedings, and not just district attorney prosecutors, are entitled to prosecutorial immunity). Thus, a "prosecutor" enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial. *Imbler*, 424 U.S. at 430. A "prosecutor" is also absolutely immune for preparing and filing charging documents, *Kalina v. Fletcher,* 522 U.S. 118, 130 (1997)*.* In *Imbler*, the Court observed that absolute "immunity ... leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." 424 U.S. at 432. However, the Court explained that absolute immunity for prosecutorial advocacy is justified because, "the alternative of qualifying a prosecutor's immunity would disserve the broader public interest" in protecting the prosecutor's abilities to exercise independent judgment and to advocate vigorously without the threat of retaliation. *Id.* at 429.

Here, named defendant Steger is alleged to have done (and in fact did) nothing more than sign the charging instrument against Plaintiff. Filing the criminal complaint was an essential part of instigating the criminal prosecution and such conduct is entitled to absolute immunity. *Demery v. Kupperman* (9th Cir.1984) 735 F.2d 1139, 1144; *Ybarra v. Reno Thunderbird Mobile Home Village* (9th Cir.1984) 723 F.2d 675, 679; *Freeman on Behalf of the Sanctuary v. Hittle* (9th Cir.1983) 708 F.2d 442, 443. Thus, Steger is absolutely immune from this claim, which is therefore dismissed with prejudice.

### 5. Has Plaintiff stated a § 1983 claim against the City based on malicious prosecution?

Plaintiff's complaint contains no particularized factual allegations supporting a Section 1983 claim against the City based on malicious prosecution, as the complaint sets forth no allegations of a policy or practice of malicious prosecution supporting such a claim. See *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658, 694 (1978). This claim is dismissed with leave to amend, to state a specific policy and practice of Defendant which supports such a claim.

**6.   Are Defendants immune from suit for Plaintiff's state law claim for malicious prosecution?**

Pursuant to Government Code Section 821.6, Defendants Steger and City are entitled to immunity from Plaintiff's state law malicious prosecution claim because defendant Steger is alleged to have done nothing more than sign the charging instrument against Plaintiff.  Moreover, it is obvious that a public entity cannot have a policy or practice of "malicious prosecution." *Hardy v. Vial*, 48 Cal. 2d 577, 583 (1957) (quoting Learned Hand in *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)); see also *White v. Towers*, 37 Cal.2d 727, 729 (1951) ("When the duty to investigate crime and to institute criminal proceedings is lodged with any public officer, it is for the best interests of the community as a whole that he be protected from harassment in the performance of that duty. . . . A breakdown of this system at the investigative or accusatory level would wreak untold harm.")

By its express terms, Government Code Section 821.6 bars suit against the government for malicious conduct in the course of investigations. Section 821.6 states, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  The role of Government Code Section 821.6 is critical to effective governing. Public entities must be able to investigate wrongdoing without fear of reprisal through civil litigation. "[I]n the end [it is] better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1213 (1994).

Government Code §821.6 provides an extremely broad form of immunity. Its purpose is to encourage the performance of public responsibilities by those public employees who are required to institute, investigate or prosecute judicial proceedings. Section 821.6 immunity applies if: (1) the alleged tortfeasor was a public employee, (2) the plaintiff's injuries were caused by acts committed by public employees to institute or prosecute a judicial or administrative proceeding, and (3) the conduct was within the scope

of the employee's employment. *Amylou*, 28 Cal.App.4th at 1213. Furthermore, where a public employee is immune from liability, the public entity employer is also not liable pursuant to Cal. Gov't Code § 815.2(b); see also *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205, 1208-1209 (1994).

Under California law, the term "proceeding" in Section 821.6 includes investigations, and it immunizes all public employees who investigate wrongdoing, not only those with official job descriptions that include investigation. See, e.g., *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1436-37 (1988)(immunity applies to investigation of civil service employee for abuse of his position to further his private interests). It is well established that officers who improperly investigate the facts and thereby obtain a warrant and criminal prosecution later found to be groundless are employees of a public entity who are subject to this immunity; because they bring about the institution of the lawsuit, they are intended to be covered by the broad statutory immunity. See *Johnson v. City of Pacifica*, 4 Cal.App.3d 82, 85-88 (1970). Investigation is considered an essential step towards the institution of formal proceedings and thus is cloaked with immunity. *Baughman v. State of California*, 38 Cal.App.4th 182, 190-192 (1995) (citing *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205 (1994) (immunity from liability for tort of conversion from destruction of property while executing a search with a warrant).

Because defendant Steger's alleged act relates to the institution of a judicial proceeding, he is immune from suit even if he acted with malice. Because defendant Steger is immune from suit, pursuant to Cal. Govt. Code § 815.2(b), the City is similarly entitled to immunity. This claim is therefore dismissed with prejudice.

### 7. Does Plaintiff's complaint state a claim for abuse of process against any defendant?

Finally, Plaintiff's abuse of process claim fails as a matter of law against all Defendants because it is based solely on the institution of criminal proceedings against him. (See Complaint at ¶ 87-93) It has long been the law in California that while improperly instituting a lawsuit may give rise to a cause of action for malicious prosecution, no matter what the reason, it does not also support a cause of action for abuse of process. See

*Ramona Unified School Dist. v. Tsiknas* 135 Cal.App.4th 510, 520-22 (2005). Only perverting a proceeding after it has been initiated for ulterior purpose supports such a cause of action. Thus, this claim fails as a matter of law.

Furthermore, named but unserved defendant Inspector Becker is similarly immune from suit for his investigation, as Government Code section 821.6 immunizes not only the act of filing or prosecuting a judicial or administrative complaint, but also extends to actions taken in preparation for such formal proceedings. *Amylou R.*, 28 Cal.App.4th 1205, 1209-1210 . An investigation before the institution of a judicial proceeding is part of the prosecution of a judicial proceeding for purposes of the statute. *Ingram v. Flippo,* 74 Cal.App.4th 1280, 1293 (1999); *Amylou R., supra*, at ¶. 1209-1211.  Although Cal. Govt. Code 821.6 does not immunize the other named but unserved officer defendants from liability based on their alleged use of excessive force and unlawful arrest – these claims are plainly time-barred – nonetheless this Section also bars Plaintiff's malicious prosecution and abuse of process claims against all of these other officers for their conduct relating to the criminal proceeding against Plaintiff. This claim is dismissed with prejudice.

### IV. SPECIALLY-APPEARING DEFENDANTS' MOTION TO QUASH IMPROPER SERVICE OF SUMMONS AND COMPLAINT AND STRIKE ALLEGED PROOFS OF SERVICE

The basis for specially-appearing Defendants' motion is that none of them were personally served with Plaintiff's summons and complaint in this action pursuant to Fed. Rule of Civ. Proc. 4(e)(2), as falsely alleged in the purported proofs of service, nor were they served alternatively pursuant to Rule 4(e)(1).

Rule 4(e) of the Federal Rules of Civil Procedure governs service on individual Defendants and provides, in pertinent part: "an individual ... may be served in a judicial district of the United States by ... doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." See Fed.R.Civ.P. 4(e)(2).
"Defendants must be served in accordance with [ Rule 4], or there is no personal

jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted) (noting "[s]erving an entity ... will not automatically confer personal jurisdiction over individual defendants in any capacity"). Where the propriety of service is challenged, the party on whose behalf service was made has the burden of establishing its validity. See, e.g., *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).

Rule 4(e) also provides for service in accordance with state law, see Fed.R.Civ.P. 4(e)(1); see also Cal.Code Civ. Pro. § 415.10 (physical delivery to the defendant personally); Cal.Code Civ. Pro. §§ 415.20, 415.95 (delivery at usual abode or place of business); Cal. Civ. Pro. § 415.30 (mail with acknowledgment of receipt).

The Court recognizes that Plaintiff is proceeding pro se in this action. Plaintiff's status as pro se litigant, however, does not excuse him from compliance with the Federal Rules of Civil Procedure. See, e.g., *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

### A. Specially-appearing Defendants were not personally served and did not authorize other persons to accept service on their behalf

According to the purported proofs of service filed by Plaintiff in this action, on October 21, 2008 at 1:30 p.m. specially-appearing named Defendants Ng, Parker and Valmonte were served by "personal service" by serving copies of the summons and complaint for these persons on Officer Leeanne Huang at 850 Bryant Street, who was allegedly "authorized to accept service."

In fact, however, as set forth in the Declaration of Leanne Huang, these purported proofs of service are, according to Defendants, perjurious. In fact, she did not accept service of the summons and complaint in this action on behalf of named Defendants Ng, Valmonte, or Parker. Huang Decl. at ¶ 2. These individuals did not authorize her to accept

service on their behalf; she was not, and is not, authorized by Department policy to accept service on their behalf; she did not purport to accept service on their behalf; she never contacted any of these persons regarding the summons and complaint in this action; and none of these persons has ever contacted her regarding the summons and complaint in this action. Huang Decl. at ¶ 2.

Indeed, Officer Huang specifically told Plaintiff's process server on October 21, 2008 that she was not authorized to, and would not, accept service of the summons and complaint on behalf of these named Defendants. Huang Decl. at ¶ 3. She said this to Plaintiff's process server several times. *Id.* Despite her repeated assertions, Plaintiff's process server nonetheless simply left copies of the summons and complaint for these persons on the counter and walked away. *Id.* Moreover, Officer Huang does not even work in the same building or department as specially appearing Defendants Ng, Valmonte, and Parker. *Id.*

Similarly, specially-appearing defendant Todd Brothers never authorized Sgt. Michael Evanson to accept service of the summons and complaint in this action (or in any other lawsuit) on his behalf on or before October 20, 2008 as alleged in the proof of service filed with respect to him and has not so authorized Sgt. Evanson at any time after this. Brothers Decl. at ¶ 2. In addition, Sgt. Evanson was not otherwise authorized (e.g., pursuant to department policy, etc.) to accept service of the summons and complaint on Officer Brothers' behalf, especially since this action names him as defendant in his personal capacity. *Id.*

Finally, specially-appearing defendant Michael Becker never authorized Inspector Mullins to accept service of the summons and complaint in this action (or in any other lawsuit) on his behalf on or before October 20, 2008 as alleged in the proof of service filed with respect to him and has not so authorized Inspector Mullins at any time after this. Becker Decl. at ¶ 2. In addition, Inspector Mullins was not otherwise authorized (e.g., pursuant to department policy, etc.) to accept service of the summons and complaint on Inspector Becker's behalf, especially since this action names him as defendant in his personal capacity. Id.

### B. This Court has no jurisdiction over Defendants who were not properly served.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).

Although a defendant's appearance to attack sufficiency of service is an admission that defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum"); *Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841 (9th Cir. 1989) (service fails unless defendant returns acknowledgment form); *Accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir.1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule"); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir.1976) ("[D]ue process requires proper service of process in order to obtain in personam jurisdiction."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982).

Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); see *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004).

As demonstrated by the Declarations of Officer Leanne Huang, Officer Brothers and Inspector Mullins, none of these specially-appearing Defendants was personally served nor did they authorize any other person to accept service of process on their behalf. In fact, the proofs of service regarding specially-appearing Defendants Ng, Parker and Valmonte,

signed by process server Frederick Gurr are knowingly false.  Furthermore, the proofs of service filed in this action do not allege service by alternative means and there is no evidence that any copies of the summons or complaint was mailed to any of these persons.

Because none of these specially-appearing Defendants was personally served with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(e)(2) or otherwise properly served in accordance with California law pursuant to see Rule 4(e)(1) (authorizing service pursuant to state law), Plaintiff's requests for a default against each of these specially appearing Defendants must be denied, and the Court therefore grants Defendants' motion to quash service of process upon these persons and strike the purported proofs of service of the summons and complaint upon them.

## V.   CONCLUSION

The Court grants without leave to amend the motion to dismiss the First Cause of Action for use of excessive force against the individual officers pursuant to 42 U.S.C. §1983 for failure to serve the summons and complaint within the statute of limitations, and grants with leave to amend the motion to dismiss the Second Cause of Action for municipal liability under 42 U.S.C. §1983 and *Monell* against the City. Plaintiff shall in his amended complaint state the particular practice or policy of the City which he alleges caused his specific injury. The Court dismisses without leave to amend the section 1983 claim against Inspector Steger, on the basis that he is immune from this claim, and the state law claims for abuse of process against all Defendants, on the basis that the two-year statute of limitations ran before Plaintiff filed his complaint alleging these claims. The Court dismisses without leave to amend the claim against the City for malicious prosecution, because it is time-barred.

Specially-appearing Defendants' motion to quash service of summons and strike alleged proofs of service (Docket # 33) is hereby granted.

Plaintiff's motion to set aside Clerk's rejection of entry of default (Docket # 43) is hereby denied.

IT IS SO ORDERED.

1   Plaintiff shall amend his complaint as ordered by this Court within thirty days of
2  issuance of this order or the remainder of his case will be dismissed with prejudice.
3  DATED: July 1, 2009

_____
James Larson
Chief Magistrate Judge

10  G:\JLALL\CHAMBERS\CASES\CIVIL\08-3233\ORDER Grant 12, Deny 43 - Final.wpd